UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-00171 |
| | ) |
| ARAS DEVELOPMENT, LLC | ) |
| | ) |
| Defendant. | ) |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, Plaintiff Atain Specialty Insurance Company ("**Atain**"), by its undersigned counsel, and for its Original Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201(a) would respectfully show the Court the following:

## I.
## PARTIES

1. Plaintiff Atain Specialty Insurance Company is a corporation organized and existing under the laws of the State of Michigan with its principal place of business in the State of Michigan and is, therefore, a citizen of Michigan, as defined by 28 U.S.C. §1332.

2. Defendant Aras Development, LLC ("**Aras**') is a limited liability company organized under the laws of the State of Texas, maintaining its principal place of business in Orange, Texas. The sole member of Aras is Ryan S. Aras, an individual citizen of the State of Texas. Aras is subject to this Court's personal jurisdiction pursuant to 28 U.S.C. § 1391(c)(2), in that it maintains a place of business and conducts regular business activities in the State of Texas. Thus, Aras is a citizen of the State of Texas, but not the State of Michigan. Aras may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas

78701.

## II.
## JURISDICTION AND VENUE

3. This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because Aras' principal place of business is in Orange County, which is within this judicial district, and the property that is the subject of this action was situated within this judicial district.

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs as set forth below.

6. Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between the parties concerning whether property insurance coverage is owed to Aras, and, if so, to what extent, and by the terms and provisions of Title 28 U.S.C. § 2201, this Court has the power to declare the obligations and duties of the parties and to give such other relief as may be necessary.

## III.
## FACTS

**The First-Party Property Claim**

7. Aras owns a two-story office building located at 119 5th Street, Orange, Texas 77630 (the "**Property**").

8. On **August 25, 2017**, Hurricane Harvey made initial landfall in southeast Texas.

9. On or about **September 11, 2017**, Aras reported a claim to Atain to for damage to the Property as a result of Hurricane Harvey.

10. On **March 2, 2018**, Aras submitted a sworn proof of loss indicated that it was owed **$80,193.47** under the Policy (as defined below) for damage suffered as a result of Hurricane Harvey. Shortly thereafter, Atain paid Aras **$80,193.47** under the Policy.

11. Pursuant to the sworn proof of loss, the full cost of repair or replacement due to the alleged damage from Hurricane Harvey was **$137,419.25**. Applicable depreciation, thereby decreasing the amount potentially owed under the Policy, totaled **$41,225.78**.

12. On or about **August 17, 2018**, Aras requested release of the **$41,225.78** in depreciation holdback. Atain, through its agent, responded by informing Aras that depreciation holdback could not be released without supporting documentation.

13. On **October 22, 2018**, Aras requested supplemental payment under the Policy due to alleged additional repairs that needed to be performed to repair damage allegedly sustained as a result of Hurricane Harvey. Aras submitted a revised estimate indicating a total cost of **$312,317.25** to repair the alleged damage.

14. In response to this supplemental claim, Atain hired an independent adjuster and engineer to inspect the Property. Atain's investigation revealed that no repairs had been performed, even though Atain had paid Aras **$80,193.47** for such repairs. Moreover, Atain's investigation determined that there was no damage to the roof or exterior of the Property resulting from Hurricane Harvey. Atain's investigation also revealed pre-existing damage on the roof, along with improperly installed penetrations through the brick veneer, lack of maintenance, normal wear and tear, and deterioration of mortar between the bricks of the exterior elevators of the Property.

15. On **April 5, 2019**, Atain denied coverage for Aras' supplemental claim.

**The Atain Policy**

16. Atain issued a combined Commercial Property and Commercial General Liability

Insurance Policy to Aras having policy number CIP307083, with policy period from September 28, 2016 to September 28, 2017 (the "**Policy**"). A full and correct copy of the Policy is attached hereto as **Exhibit 'A.'**

17. The Policy provides potential coverage for direct physical loss or damage to the Property, subject to all terms, conditions, limitations and exclusions.

18. The Policy contains the following provisions, among others, related to the coverage issues in this case:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**:

**A.    Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\*\*\*

**1.    Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\*\*\*

**3.    Duties In The Event Of Loss Or Damage**

**a.**    You must see that the following are done in the event of loss or damage to Covered Property:

\*\*\*

**(2)**    Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)**    As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)**    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered

> Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
>
> \*\*\*
>
> **(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
>
> **(8)** Cooperate with us in the investigation or settlement of the claim.
>
> \*\*\*

19. The **CAUSES OF LOSS – SPECIAL FORM** includes the following limitations and exclusions that apply to Aras' claim:

> **B.** **Exclusions**
>
> \*\*\*
>
> **2.** We will not pay for loss or damage caused by or resulting from any of the following:
>
> **b.** Delay, loss of use or loss of market;
>
> \* \* \*
>
> **d.** **(1)** Wear and tear;
>
> **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>
> \* \* \*
>
> **(4)** Settling, cracking, shrinking or expansion;
>
> \*\*\*

  **f.**  Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

***

  **m.**  Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.**  We will not pay for loss or damage caused by or resulting from any of the following, **3.a**. through **3.c.** But if an excluded cause of loss that is listed in **3.a**. through **3.c**. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

***

  **b.**  Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

  **c.**  Faulty, inadequate or defective:

***

    **(2)**  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

    **(3)**  Materials used in repair, construction, renovation or remodeling; or

    **(4)**  Maintenance;

  of part or all of any property on or off the described premises.

***

**C.**  **Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

    1.    We will not pay for loss or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

*** 

    c.    The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        (1)    The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters;

        ….

20.    The Policy also contains an endorsement titled LIMITATIONS ON COVERAGE FOR ROOF SURFACING which modifies the **BUILDING AND PERSONAL PROPERTY COVERAGE FORM** as follows:

SCHEDULE

| Premises Number | Building Number | Indicate Applicability (Paragraph A. and/or Paragraph B. |
|---|---|---|
| 1-2 | 1 [the Property] | PARAGRAPH B |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations ||| 

***

The following applies with respect to loss or damage by wind and/ or hail to a building or structure identified in the Schedule as being subject to this Paragraph B.:

We will not pay for cosmetic damage to roof surfacing caused by wind and/ or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/ or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

## IV.
## CLAIM FOR RELIEF - DECLARATORY JUDGMENT

21. Atain re-alleges and incorporates by reference the allegations above.

22. By virtue of the foregoing, there exists an actual, justiciable controversy between the parties.

23. Atain seeks a declaration that Aras' claim is not covered by the Policy because the claimed damages were not caused by or resulting from any Covered Cause of Loss and are excluded and/or limited from coverage pursuant to the terms of the Policy as set forth above.

## V.
## JURY DEMAND

24. Atain requests that this civil action be tried before a jury.

## VI.
## PRAYER

WHEREFORE, for the foregoing reasons, Atain respectfully requests judgment against Aras as follows:

A. That the Property did not sustain direct physical loss or damage covered by the Policy;

B. That the damage claimed by Aras is limited and/or excluded by the Policy;

C. That Atain does not owe Aras any further sums under the Policy in connection with the claim described herein; and

D. That the Court grant Atain such other and further relief as it deems just and fit under the circumstances.

Respectfully submitted,

/s/ *Michael D. Feiler*
MICHAEL D. FEILER
State Bar No. 24055475
mfeiler@qslwm.com
MATT R. PICKELMAN
State Bar No. 24013328
mpickelman@qslwm.com
JONATHAN A. LAUTIN
State Bar No. 24092669
jlautin@qslwm.com

**QUILLING SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR PLAINTIFF ATAIN SPECIALTY INSURANCE COMPANY**